■ MAMIE BASI, Appellant, v ROBERT BASI, Respondent.— Orders unanimously reversed on the law and facts without costs, and matter remitted to Oneida County Family Court for further proceedings, in accordance with the following memorandum: The parties were divorced in March 1984, as a result of respondent's cruel and inhuman treatment of petitioner. The divorce decree incorporated a stipulation that respondent would pay $125 per week for the support of his children. The parties agreed that neither would pay maintenance, but reserved the right of each party to seek maintenance in the future. Respondent paid child support until June 1984, when health problems limited his income. He obtained a court order suspending child support payments for health reasons until May 1, 1985, an order affirmed by this court *(Matter of Basi v Basi,* 110 AD2d 1094). On May 3, 1985, respondent petitioned Family Court to suspend his child support obligations on the ground that he was wrongfully denied visitation with his children. By order dated December 19, 1985, Family Court found that petitioner had prevented respondent from visiting his children and suspended his support obligation.

Petitioner and some of the minor children were recipients of public assistance from July 1984 until August 1986. In March 1986, the Department of Social Services petitioned Family

Court to order respondent to reimburse it for amounts of public assistance expended for the support of his children from May 1, 1985 (the date his support payments were to resume after his health difficulties). The mother also petitioned Family Court seeking $100 per week in maintenance.

After separate hearings on the petitions, Family Court reaffirmed its earlier order suspending child support payments on the ground that respondent had been wrongfully denied visitation, and held that Social Services was not entitled to reimbursement for its payments to the children because they had abandoned their father. The court further held that petitioner was not entitled to maintenance. This was error.

We first observe that the record does not support the court's finding that the mother denied respondent visitation with his children, who at the time of the hearing were ages 20, 19, 17 and 11, respectively. She testified that she never told the children that they should not visit their father, but informed them of scheduled visits, got them up and dressed them for their father to pick them up. The children themselves testified that they refused to visit their father for their own reasons. They testified that their mother never told them not to visit their father, but they determined for themselves that they would not visit him because of his lack of concern and occasionally violent treatment of them in the past. Respondent did not testify to any specific actions taken by the mother to deny him visitation, and recited only one incident that occurred in 1983, before the divorce, when petitioner picked up the children early from a visit, at their request. This evidence is insufficient to justify the court's conclusion that the petitioner's conduct denied respondent visitation with the children.

Furthermore the record supports petitioner's claim of a change in circumstances sufficient to entitle her to receive maintenance from respondent. At the time of the divorce, petitioner was working full time as a cashier, at a salary of $5,000 per year, and with the help of her two older children, who contributed some of their earnings from part-time jobs, was able to meet her expenses. After the divorce, petitioner quit her job to go back to school to earn a degree in nursing, and she has been forced to apply for public assistance. The Department of Social Services has placed a lien on her share of the marital residence (owned jointly by the parties) to secure repayment of those public assistance payments. Petitioner has worked weekends as a nurse's aide, grossing less than $75 per week. Her older children, who were attending college at the time of the hearing, no longer contribute to her

support. She has borrowed sums of money from other family members to meet her basic living expenses, which include mortgage payments, taxes and general maintenance on the marital residence. Petitioner's change of circumstances entitles her to receive maintenance from respondent, who since the divorce has increased his salary from $13,000 to over $20,000 per year. The matter must be remitted to Family Court for a hearing to determine how much maintenance petitioner requires and how much respondent is able to pay.

In addition, for reasons stated below, respondent has an obligation to provide child support for the youngest child, James. The court, after a hearing, should determine the amount of support respondent is to pay to petitioner for this child support.

As to the Department's request that respondent reimburse it for child support payments, the record reveals that respondent has had no visitation with his children in over three years. The children refuse to visit him or to have anything to do with their father. The Court of Appeals has held that when "a minor of employable age and in full possession of her faculties, voluntarily and without cause," abandons a parent, that minor forfeits her right to demand support from that parent (Matter of Roe v Doe, 29 NY2d 188, 192). The court further held that if a minor has abandoned a parent as outlined in Matter of Roe v Doe (supra), that parent is not obligated to reimburse Social Services for any public assistance expended for the support of that child (Matter of Parker v Stage, 43 NY2d 128, 135). In the present case, the record supports the conclusion that the parties' three older children abandoned their father, but this conclusion cannot be extended to include the youngest child, James, born in 1975, who was only 11 years old when these proceedings were held. James was not of employable age and, as a matter of law, could not abandon his parent. Therefore, the matter should be remitted for a determination of the amount of support expended by the Department of Social Services for the support of James and the Department is entitled to be reimbursed by respondent for that amount. (Appeals from orders of Oneida County Family Court, Gilbert, J.—modify divorce decree.) Present—Callahan, J. P., Doerr, Denman, Green and Pine, JJ.