■ In the Matter of FRANCES P. SCHENA, Appellant, v GEORGE SCHENA, Respondent.—Order unanimously reversed on the law with costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: In dismissing the petition seeking an upward modification and arrearages in child support, Family Court erred in adopting the Hearing Examiner's findings of fact. The evidence was insufficient to justify the Hearing Examiner's conclusion that petitioner's conduct denied respondent visitation with his daughter Amy *(see, Basi v Basi,* 136 AD2d 945, *lv dismissed* 72 NY2d 952).

The record reveals that respondent father made no affirmative efforts to exercise his visitation rights and unilaterally withheld child support payments because of his daughter's refusal to visit with him. This was an inappropriate reason for failure to pay support *(see, Resnick v Zoldan,* 134 AD2d 246, 248; *Miller v Miller,* 117 AD2d 719). Since Amy was not of employable age in July 1985 and did not move out of her residence, she could not have abandoned her father *(see, Basi v Basi, supra,* at 947). At the time of the hearing, she was 17 and was working a part-time job. Nevertheless we conclude that she was not emancipated and was still eligible for support.

Pursuant to the terms of the separation agreement, respondent became obligated to make child support payments in the amount of $50 per week for Amy when her sister became emancipated and was not receiving financial assistance from her father. It is undisputed that this occurred on or about July 1, 1985. Respondent has never paid any child support for Amy. Thus, respondent is liable for the arrearage of $50 per week from July 1, 1985.

Petitioner's application for arrearages should be granted. Family Court should determine after a hearing the amount of arrears, whether petitioner's application for an increase in support has merit and if the present circumstances entitle petitioner to continued child support. (Appeal from order of Erie County Family Court, Patti, H.E.—child support.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.