■ VICTOR BRANCOVEANU, Appellant, v MARIANA BRANCO-VEANU, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated April 30, 1987, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated August 8, 1988, as denied his motion to vacate an order of the same court dated July 12, 1988, which granted stated portions of the defendant wife's motion, *inter alia,* for an award of counsel fees in the sum of $9,975, upon the plaintiff's default in opposing the motion.

■ VICTOR BRANCOVEANU, Appellant, v MARIANA BRANCO-VEANU, Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated April 30, 1987, the

plaintiff husband appeals from a judgment of the Supreme Court, Queens County (Corrado, J.), dated March 14, 1988, which is in favor of the defendant wife and against him in the amount of $3,400 representing arrears in child support payments and in the additional amount of $1,500 for counsel fees.

Ordered that the judgment is affirmed, with costs.

Pursuant to Domestic Relations Law § 241, interference with or withholding of visitation rights is not a ground for termination of child support or cancellation of arrears of child support. Therefore, the plaintiff's claims that he suspended payment during a period when he was unable to have visitation is untenable.

We find that the award of counsel fees to the defendant's attorney was properly made as the instant application by the defendant wife was necessitated solely because the plaintiff willfully failed to honor the prior orders of the courts (see, Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879). We have examined the plaintiff's remaining contentions and conclude that they are without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.