OPINION OF THE COURT
Ralph Yachnin, J.
It is ordered that this motion by defendant ex-husband *277 (husband), made by notice of motion, dated April 24, 1991, for an order compelling the plaintiff ex-wife (wife) to abide by the reasonable visitation rights provided for in the parties’ November 5, 1985 judgment of divorce and to cancel child support arrears by reason of the wife’s refusal to permit the husband to have visitation with the parties’ son, Robert J. Nesky, Jr. (junior), and the wife’s cross motion, made by notice of cross motion, dated May 7, 1991, to obtain an income execution and counsel fees, are both disposed of as follows:
A hearing is required for the reasons set forth hereinafter. It shall take place at Trial Assignment Part II on October 30, 1991, commencing at 9:30 a.m., subject to the Justice therein presiding.
A noncustodial parent may promptly move to suspend a child support obligation prospectively. (Joseph A. v Andrea A., NYLJ, Aug. 5, 1991, at 28, col 5; Goldfarb v Goldfarb, 175 AD2d 275; Feuer v Feuer, 50 AD2d 772 [1st Dept 1975]; Brancoveanu v Brancoveanu, 156 AD2d 410 [2d Dept 1989].) Domestic Relations Law § 241 does not limit this court’s right to prospectively suspend child support obligations because of visitation deprivation. In this case, the husband’s obligation to pay child support may be suspended prospectively from the date upon which he made the present application. A hearing is required to determine whether the court should suspend such payments and for how long.
The hearing should also be addressed to the amount of the arrears, if any, which must be paid by the husband for the period prior to the making of his application to suspend child support payments.
It is stated in the Practice Commentary to Domestic Relations Law § 241 (Scheinkman, McKinney’s Cons Laws of NY, Book 14, at 731): "The suspension of child support may not be applied retroactively. Thus, if child support is not paid, in the absence of an order of suspension, the denial of visitation, even if absolutely established, may not be used as a defense to the enforcement of child support payments. Likewise, the court may not cancel child support arrears which have already accrued.” There is no question that this is presently the law. There is considerable question as to whether this is fair and just. A non-custodial parent can be forced to pay arrears of child support; however, there is no way a custodial parent can be forced to give back previously denied visitation. Once lost, it can never be returned no matter how much additional *278 visitation is permitted the noncustodial parent in the future. It is gone forever.
Where a custodial spouse receives no maintenance from a noncustodial spouse, only the possibility that the court might retroactively suspend child support payments can force visitation compliance. The time between commencement of a contempt proceeding, brought because of a custodial spouse’s refusal to grant visitation, and the ultimate disposition thereof, not to mention the tremendous expense required to bring it, makes such remedy meaningless in today’s society. So too, as relates to a suspension proceeding. In addition, the question becomes: should a noncustodial parent bring such suspension proceeding after one visitation deprivation? Two? Three? After how many before a court will take the noncustodial parent seriously? The real problem is that the present legislation makes this a one-edged sword in favor of custodial parents. This is wrong!
Similarly, under Domestic Relations Law § 244, the court is hamstrung by that statute’s proscription against retroactivity. There the court must direct the entry of a money judgment "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears. ” (Emphasis added.) It should be obvious that when the average person loses his or her job, he or she doesn’t immediately look to spend thousands of dollars in legal fees; nor could a lawyer make a motion with such dispatch that some arrears would not accumulate — even though there may be good reason to reduce or eliminate the obligation to pay altogether.
The inequities in the present statutory framework should be addressed by the Legislature immediately. Fairness, justice and equity in our laws to each side are what citizens of a free democracy are entitled to receive. Nothing else will suffice. Yet, in many cases a noncustodial spouse is deprived of this basic element because of the biased statutes which govern us.
The court’s function is not to interpret laws in a manner contrary to the legislative intent. However, the Legislature can amend and enact superceding statutes which will correct inequities. Accordingly, it is most respectfully requested that such action be taken by our State governing body so that noncustodial parents’ visitation rights can be reasonably enforced and that children can have their rights to visitation fulfilled on a regular basis despite the all-too-frequent use by a *279 custodial spouse of visitation as a weapon. In the interest of basic justice these statutes must be corrected!
Just recently the Virginia Legislature enacted a statute dealing with this very matter, wherein the intentional withholding of visitation of a child from the other parent may constitute a material change of circumstances justifying a change of custody in the discretion of the court. (Va Code Annot § 20-108.) To be sure, that rule is already applicable in New York, but by judicial fiat, not by statute, as Virginia has enacted. In 1990, a New Jersey law was passed making it a crime, punishable by up to a year in jail and a fine of $7,500, to interfere with custody or visitation (NJ Stat Annot § 2C:13-4).
Whether our Legislature should take the civil or criminal route to assure proper visitation lies solely in its discretion, but whatever avenue it decides to take, something should be done.
That branch of the cross motion which requests a counsel fee is also referred to the hearing court for determination.
In the interim, and until the further order of this court, the wife is forthwith directed to immediately commence complying with the judgment of divorce by allowing the husband to have visitation with junior.