■ STANLEY YOKAITIS, Appellant, v ANGEL YOKAITIS, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered April 17, 1989, the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 3, 1990, as, upon reargument, adhered to the original determination in an order entered March 14, 1990, which denied, without a hearing, that branch of his motion which was to terminate his child support obligations.

Ordered that the order is modified, by deleting the provision thereof which adhered to the original determination denying that branch of the plaintiff's motion which was to terminate his child support obligation with respect to the older child; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination with respect to the older child.

The plaintiff moved to terminate his child support obligations for his two children on the ground that they had effectively abandoned him and were no longer entitled to support from him *(see, Matter of Roe v Doe,* 29 NY2d 188; *Matter of Parker v Stage,* 43 NY2d 128; *Cohen v Schnepf,* 94 AD2d 783; *Basi v Basi,* 136 AD2d 945). With regard to the younger child, who was 15 years old at the time the application was made, the court correctly held that the child was not of employable age and, as a matter of law, could not abandon his parent *(see, Basi v Basi, supra,* at 947). However, with

regard to the older child, who was 19 years old at the time the application was made, the conflicting affidavits presented a genuine issue of fact, and a hearing is required *(see, Grimaldi v Grimaldi,* 167 AD2d 443; *Biegeleisen v Biegeleisen,* 124 AD2d 692; *cf., Senzer v Senzer,* 132 AD2d 694). Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.