■ JEAN A. BARTLETT, Respondent, v WAYNE BARTLETT, Appellant. [603 NYS2d 66] —Weiss, P. J. Appeal from an order

---

of the Supreme Court (Brown, J.), entered May 28, 1992 in Saratoga County, which granted plaintiff's application for an upward modification of child support.

The June 9, 1979 judgment of divorce between the parties incorporated by reference, but did not merge, a written separation agreement dated December 22, 1978, which included provision for support of each of the three infant children of the marriage. In a previous September 10, 1987 order, Supreme Court granted an increase in the original child support. In the instant application made in the divorce action for another increase, plaintiff contends that the cost of housing, feeding, clothing and caring for the children has greatly increased beyond her ability to pay even with the child support and, further, that defendant's income has increased drastically. The court, without an evidentiary hearing, held that the best interests of the children required an increase and applied the Child Support Standards Act provisions to defendant's increased income.

It is well settled that on a motion for modification of child support payments on the basis of changed circumstances, a hearing is necessary where the affidavits of the parties disclose the existence of genuine factual issues (see, Grimaldi v Grimaldi, 167 AD2d 443; see also, Yokaitis v Yokaitis, 184 AD2d 695, 696). Each party has controverted the allegations by the other, the resolution of which requires remittal for a hearing.

We find no merit to defendant's contentions that plaintiff's failure to allege that the separation agreement was unfair or unconscionable, that unanticipated or unreasonable changes in circumstances had occurred after the agreement was made, or that the agreed-upon child support was inadequate to meet the needs of the children required dismissal of the motion. The child support as set forth in the agreement has already been modified by the 1987 order. Accordingly, only the standards applied to applications to modify court-ordered support are at issue in this case.

Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.