■ In the Matter of JAMES T. SUTERA, Respondent, v LINDA J. SUTERA, Appellant. [612 NYS2d 224] —In a proceeding pursuant to Family Court Act article 4 for downward modification of child support, the mother appeals from an order of the Family Court, Rockland County (Warren, J.), entered March 23, 1992, which, after a hearing, granted the petition to the extent of reducing the father's child support obligation from $441 per month to $300 per month, with $150 thereof to be held in escrow by the Support Collection Unit to reimburse the father for travel expenses incurred in connection with his exercise of visitation.

Ordered that the order is reversed, on the law and the facts, with costs, and the petition is dismissed.

The father commenced this proceeding for a downward modification of child support after the mother relocated from Rockland County to Florida with the parties' children. The petition alleged that support should be reduced because the children were now residing in an area with a lower cost of living and because the mother's relocation with the children had interfered with the father's visitation rights. After a hearing, the Family Court reduced the father's support obligation from $441 per month to $300 per month and directed that $150 of the monthly amount should be placed in escrow to reimburse the father for travel expenses incurred in exercising his visitation rights. We now reverse and dismiss the petition.

Under the circumstances of this case, the Family Court improvidently exercised its discretion in determining that a downward modification of support was warranted by the interference with the father's visitation rights. The record demonstrates that the father's invocation of his visitation rights is a mere pretext which he advanced solely for the purpose of reducing his support obligations with respect to the children. This conclusion is borne out by the fact that his visitation with the children while they were in New York was sporadic at best. Moreover, the father unilaterally and improperly withheld child support payments for a lengthy period of time after the mother and children relocated (see generally, Brancoveanu v Brancoveanu, 156 AD2d 410), yet he never used these withheld funds for travel expenses to exercise visitation. Additionally, the father has never sought custody of the children or a modification of his visitation schedule, nor has he accepted the mother's offer of substantial and meaningful visitation. Indeed, he did not even commence the instant proceeding for a downward modification until approximately eight months after the relocation and only after the mother obtained a judgment against him for child support arrears.

Furthermore, the father has failed to adequately sustain his burden of demonstrating a substantial change in circumstances which would justify the downward modification (see, e.g., Rosen v Rosen, 193 AD2d 661), and he has likewise failed to establish that the needs of the children may now be met with reduced support or that those needs have diminished since the relocation (see generally, Matter of Brescia v Fitts, 56 NY2d 132). Given these facts, we conclude that the father is not entitled to a downward modification of his support obligation, nor should any portion of the support be placed in

escrow. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.