■ In the Matter of DIANNE RYAN, Appellant, v THOMAS W. SCHMIDT, Respondent. [633 NYS2d 558] —In a proceeding pursuant to Family Court Act article 4 for modification of a child

support order, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), dated May 27, 1994, which granted the father's petition and terminated his support obligation for the three children.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

The mother contends that the Family Court erred in summarily terminating the father's support obligation based solely upon an unauthenticated Texas order which purportedly changed the children's surname. We agree. Although a father has a recognized interest in having his child bear his surname, he has no legal entitlement to require the child to bear his name (see, Swank v Petkovsek, 216 AD2d 920; Matter of Cohan v Cunningham, 104 AD2d 716). Moreover, since the focus of a support proceeding is the best interests of the child, "there is no basis in law or reason to condition the duty of support upon a child's bearing the surname of the payor parent" (Matter of Bell v Bell, 116 AD2d 97, 99). Accordingly, the court erred in relieving the father of his support obligation based solely upon the change of the children's surname. Moreover, even if the children consented to take their stepfather's surname, and even if, as the father alleges, the children refuse to speak with him, they did not forfeit their right to continued support. While a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may be deemed to have forfeited his or her right to support, here the children ranged in age from 10 to 15 at the time the modification petition was filed, and were thus not of employable age (see, Matter of Alice C. v Bernard G. C., 193 AD2d 97; Yokaitis v Yokaitis, 184 AD2d 695; Basi v Basi, 136 AD2d 945). Accordingly, the children could not, as a matter of law, abandon their father (see, Yokaitis v Yokaitis, supra; Basi v Basi, supra).

However, we remit this matter for a hearing to determine whether modification of the support order is warranted based upon the remaining ground cited in the father's petition. Miller, J. P., Thompson, Joy and Krausman, JJ., concur.