■ SHARON HIROSS, Respondent, v EDWARD HIROSS, Appellant. [639 NYS2d 70] —In a matrimonial action in which the parties were divorced by judgment dated April 14, 1986, the defendant appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated September 2, 1994, which denied, without a hearing, his application to suspend, *inter alia,* his child support obligation.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant contends that the plaintiff "alienated" his son's affection for him by, *inter alia,* interfering with visitation. He argues that now, at age 16, his son has rejected the love he has to offer and that this "abandonment" by his son should, prospectively, relieve him of his child support obligations. It is well settled that, even if, as the father alleges, his

son refuses to speak with him or visit him, he did not forfeit his right to continued support. While a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may be deemed to have forfeited his or her right to support, here the son was 14 years old at the time the application was filed, and was thus not of employable age *(see, Matter of Ryan v Schmidt,* 221 AD2d 449; *Yokaitis v Yokaitis,* 184 AD2d 695; *Basi v Basi,* 136 AD2d 945). Accordingly, the son could not, as a matter of law, abandon his father *(see, Matter of Ryan v Schmidt, supra; Yokaitis v Yokaitis, supra; Basi v Basi, supra).*

However, a custodial parent's "deliberate frustration" of visitation rights can, under appropriate circumstances, warrant the suspension of future child support payments *(Weinreich v Weinreich,* 184 AD2d 505, 506; *Matter of Welsh v Lawler,* 144 AD2d 226; *Fuerst v Fuerst,* 131 AD2d 426; Domestic Relations Law § 241). Where the custodial parent's actions do not rise to the level of "deliberate frustration" of the noncustodial parent's visitation rights, suspension or termination of support payments is not warranted *(see, e.g., Matter of Sutera v Sutera,* 204 AD2d 648, 649; *Doyle v Doyle,* 198 AD2d 256, 257; *Weinreich v Weinreich, supra,* at 506; *Chapin v Chapin,* 184 AD2d 1082; *Ginsberg v Ginsberg,* 164 AD2d 906, 908; *Fuerst v Fuerst, supra).* The record does not contain the actual judgment or order of visitation claimed to have been interfered with but contains a previous order of the same court finding that the court "was convinced that such interference occurred". Under these circumstances, a hearing must be conducted to determine whether the court should suspend the defendant's support for the son and, if so, for how long *(see, Nesky v Nesky,* 152 Misc 2d 276; *see also, Matter of Ryan v Schmidt, supra; Mulder v Mulder,* 191 AD2d 541, 542). Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.