■ In the Matter of Louis Tufano, Respondent, v Wilhelmina Sheridan, Also Known as Wilhelmina Tufano, Appellant. [671 NYS2d 290] —In a proceeding pursuant to Family Court Act article 4 for a modification of an award of child support, the mother appeals from so much of an order of the Family Court, Rockland County (Warren, J.), entered April 14, 1997, as denied in part her objections to an order of the same court (Herold, H.E.), dated September 19, 1996, granting the father's petition, and reduced her bi-weekly child support payments from $523.10 to only $422.70.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Family Court, Rockland County, for a recalculation of the mother's child support obligation following proceedings, including a hearing if necessary, to determine the father's income; and it is further,

Ordered that until a new order is entered, the mother shall continue to make bi-weekly child support payments of $422.70.

We find no merit to the mother's contention that the parties' son was emancipated, inasmuch as the testimony at the hearing demonstrated that the son was not financially independent (*see, Matter of Alice C. v Bernard G. C.,* 193 AD2d 97). Nor could the son be deemed constructively emancipated, as there is no basis in the record to conclude that the son withdrew from parental control and supervision (*see, Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188), or unreasonably refused the mother any contact or visitation (*see, Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618; *Cohen v Schnepf,* 94 AD2d 783).

The Hearing Examiner determined the father's income to be $15,673.41 based on evidence indicating that he received pension and interest income totalling that amount. The father testified, however, that he worked as an investigator for a Health Maintenance Organization for at least ten weeks in

1996 at a salary of $1,100 per week. This should have been included in the calculation of the father's income (*see, Family Ct Act § 413 [1] [b] [5]*). Because we cannot determine the father's income on the record before us, we remit the matter for further proceedings to determine the father's income, followed by a recalculation of the mother's child support obligation.

The mother's remaining contentions are without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.