■ In the Matter of Jose L. Rivera, Appellant, v Dagnes Echavarria, Respondent. [852 NYS2d 236]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated December 14, 2006, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

At a hearing held on October 27, 2006 to address the father's petition alleging that the mother failed to produce the child for visitation in August 2005, the father sought to cancel his child support payments retroactive to August 2005. Pursuant to Domestic Relations Law § 241, "interference with or withholding of visitation rights is not a ground for termination of child support or cancellation of arrears of child support" (*Brancoveanu v Brancoveanu*, 156 AD2d 410, 411 [1989]; *see Ledgin v Ledgin*, 36 AD3d 669, 670 [2007]; *Doyle v Doyle*, 198 AD2d 256, 257 [1993]; *Gagliardo v Gagliardo*, 151 AD2d 718, 720 [1989]).

In addition, the father was not entitled to the prospective suspension of child support payments, as he failed to establish that the mother deliberately frustrated or actively interfered with his visitation rights (*see Ledgin v Ledgin*, 36 AD3d 669, 670 [2007]; *Matter of Smith v Graves*, 305 AD2d 419 [2003]; *Matter of Beal v Beal*, 244 AD2d 550, 551 [1997]; *Hiross v Hiross*, 224 AD2d 662, 663 [1996]; *Matter of Hecht v Hecht*, 222 AD2d 589 [1995]; *see also* Laws of Puerto Rico Ann, tit 3, § 143b).

The father's contention that the child was ineligible to enroll in kindergarten since he had not yet reached his fifth birthday by the date school was scheduled to commence on August 3, 2005 is not properly before this Court as the father raises it for the first time on appeal (*see Matter of Madura v Nass*, 304 AD2d 579 [2003]). Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.