In the Matter of JAMES M. SAUNDERS, JR., Respondent, v DONNA M. AIELLO, Respondent. WILLIAM L. KOSLOSKY, Law Guardian, Appellant. [875 NYS2d 656]—

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered August 15, 2007 in a proceeding pursuant to Family Court Act article 4. The order granted the petition and suspended the child support obligation of petitioner.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: The Law Guardian appeals from an order suspending the child support obligation of petitioner father, who alleged in his petition that his two children, ages 14 and 17, have abandoned him. In granting the petition seeking that relief, Family Court determined that the children have refused to visit their father or to have any substantial contact with him, and the court further determined that respondent mother was indifferent with respect to the visitation of the children with their father. It is well established that a " 'child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support' " (*Matter of Chestara v Chestara*, 47 AD3d 1046, 1047 [2008]). Here, only one of the two children is of employable age (*see Matter of Gottesman v Schiff*, 239 AD2d 500 [1997]; *Matter of Ryan v Schmidt*, 221 AD2d 449, 450 [1995]), and thus the court erred as a matter of law in determining that the actions of the younger child constituted abandonment of her father (*see Gottesman*, 239 AD2d 500 [1997]).

We conclude with respect to the older child that the evidence fails to support the court's determination that she abandoned her father. The children, who reside in Florida, last visited their father in the summer of 2005. The father and the children had an argument on the final night of the visit, and the children stayed with a family friend who transported them to the airport the next day. The father testified at the hearing on the petition that he left one or two messages for the children on the answering machine at their home and that he called or sent text messages to them on their individual cellular telephones. The father

further testified that the children failed to return his calls or to respond to his text messages. We conclude that the failure of the older child to contact her father "merely indicates that there was a reluctance on [her] part to contact him . . . A child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation . . . , and a few telephone calls cannot be construed as a serious attempt to maintain a relationship with a child" (*Radin v Radin*, 209 AD2d 396 [1994]; *cf. Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909-910 [1997]; *see generally Matter of Kinney v Simonds*, 276 AD2d 882, 883-884 [2000]).

We further conclude that the court erred in determining that the failure of the mother to encourage visitation warranted the suspension of the father's child support obligation. "Where the custodial parent's actions do not rise to the level of 'deliberate frustration' of the noncustodial parent's visitation rights, suspension or termination of support payments is not warranted" (*Hiross v Hiross*, 224 AD2d 662, 663 [1996]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.