■ In the Matter of EDWIN GARCIA, Appellant, v NORA BARIE, Respondent. [875 NYS2d 655]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered December 4, 2006 in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, dismissed that part of the petition seeking to modify a child support order.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the petition seeking to modify an order of child support is reinstated, and the matter is remitted to Family Court, Cattaraugus County, for a hearing on that part of the petition in accordance with the following memorandum: Petitioner appeals pro se from an order dismissing his petition seeking, inter alia, to modify his child support order for failure to state a cause of action. Pursuant to Family Court Act § 451, Family Court must conduct a hearing on a petition to modify a support order where the petition is "supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested." Here, petitioner established a prima facie case for the relief requested with respect to child support by submitting evidentiary material establishing that his daughter had abandoned him. His submissions in support of the petition established that his repeated attempts at communication with his daughter had been refused and that she had expressed a clear wish to "have nothing to do with [him]" (see Matter of Chamberlin v Chamberlin, 240 AD2d 908, 909 [1997]). At the "hearing" conducted by the court in this proceeding, the court did not permit petitioner to testify or otherwise to present any other sworn testimony, and thus the hearing to which petitioner was entitled was " 'inherently flawed' " (Matter of Ademovic v Reid, 1 AD3d 899, 899 [2003]). The court's "cursory handling of this matter . . . [did] not provide a substitute for the 'meaningful hearing' to which petitioner [was] entitled" (id. at 900). We therefore reverse the order insofar as appealed from, reinstate that part of the petition seeking to modify a support order, and remit the matter to Family Court for a hearing on that part of the petition in compliance with Family Court Act § 451. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.