# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1071
CAF 11-01094
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF MARK D. COLEMAN,
PETITIONER-APPELLANT,

                V                           MEMORANDUM AND ORDER

MAUREEN M. MURPHY, RESPONDENT-RESPONDENT.

---

BUCCI LAW FIRM, PLLC, BALDWINSVILLE (ROSEMARY E. BUCCI OF COUNSEL),
FOR PETITIONER-APPELLANT.

JOHN M. MURPHY, JR., PHOENIX, FOR RESPONDENT-RESPONDENT.

LISA M. FAHEY, ATTORNEY FOR THE CHILD, EAST SYRACUSE, FOR CASEY M.C.

-------------------------------------------------------------------------------------------------

    Appeal from an order of the Family Court, Onondaga County
(William Dowling, R.), entered November 16, 2010 in a proceeding
pursuant to Family Court Act article 4.  The order dismissed the
petition.

    It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
reinstated, and the matter is remitted to Family Court, Onondaga
County, for further proceedings in accordance with the following
Memorandum:  Petitioner father commenced this proceeding pursuant to
Family Court Act article 4 seeking to terminate his support obligation
for the parties' son on the grounds that respondent mother had
frustrated the father's visitation rights and that his son had
abandoned him.  The father appeals from an order dismissing his
petition without prejudice "for lack of proper cause of action for
filing."  We agree with the father that the Referee erred in
dismissing the petition without conducting a hearing.  Indeed, the
Referee was required to "conduct a hearing on [the] petition to modify
a support order where the petition [was] 'supported by affidavit and
other evidentiary material sufficient to establish a prima facie case
for the relief requested.'  Here, [the father] established a prima
facie case for the relief requested with respect to child support by
submitting evidentiary material establishing that his [son] had
abandoned him.  His submissions in support of the petition established
that his repeated attempts at communication with his [son] had been
refused and that [he] had expressed a clear wish to 'have nothing to
do with' " the father (*Matter of Garcia v Barie*, 59 AD3d 1090; *see
Matter of Saunders v Aiello*, 59 AD3d 1090, 1091; *cf. Matter of
Hootnick v Cohen*, 193 AD2d 1092).  In addition, the petition alleged
that the mother had refused to permit the father to exercise his

visitation rights, and "a custodial parent's 'deliberate frustration' of visitation rights can, under appropriate circumstances, warrant the suspension of future child support payments" (*Hiross v Hiross*, 224 AD2d 662, 663).  Consequently, we reverse the order, reinstate the petition, and remit the matter to Family Court for further proceedings thereon.

Entered:  November 18, 2011                   Patricia L. Morgan
                                              Clerk of the Court