# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1358**
**CAF 14-00847**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ONEIDA COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF ALLAN CHRISTMAN,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

CHARLES CHRISTMAN, SR., RESPONDENT-RESPONDENT.

---

TRACY L. PUGLIESE, CLINTON, FOR PETITIONER-APPELLANT.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered August 7, 2013 in a proceeding pursuant to Family Court Act article 4. The order denied the objection of petitioner to the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following Memorandum: Petitioner appeals from an order denying its objection to the order of the Support Magistrate, which determined that respondent father was relieved of any obligation to support his child because he established that the child was emancipated (*see generally Matter of Parker v Stage*, 43 NY2d 128, 133-135). We reverse.

It is well established that " '[a] parent is obligated to support his or her child until the age of 21 (*see* Family Ct Act § 413) unless the child becomes emancipated' " (*Matter of Cedeno v Knowlton*, 98 AD3d 1257, 1257), and that "[t]he Legislature has imposed a statutory duty upon parents to support their children who are welfare recipients in order to save the general public the cost of supporting them" (*Matter of Henry v Boyd*, 99 AD2d 382, 387, *affd* 65 NY2d 645; *see* § 415). "[U]nder the doctrine of constructive emancipation, 'a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation' may forfeit any entitlement to support" (*Matter of Burr v Fellner*, 73 AD3d 1041, 1041). "[I]f a minor has abandoned a parent as outlined in *Matter of Roe v Doe* [29 NY2d 188, 192], that parent is not obligated to reimburse [petitioner] for any public assistance expended for the support of that child" (*Basi v Basi*, 136 AD2d 945, 947, *lv dismissed* 72 NY2d 952). The burden of proving emancipation is on the party asserting it (*see Matter of Gold v Fisher*, 59 AD3d 443, 444; *see also Schmitt v Schmitt*, 107 AD3d 1529, 1530).

Here, at the time period relevant to the instant support petition, the father was no longer the child's custodial parent when the child became eligible for public assistance. The record establishes that the child had lived with his biological mother for years before he moved into his own apartment and started receiving public assistance. The father failed to present any evidence that the child had abandoned a relationship with him, and, to the contrary, the record establishes that the father had given the child monetary support after the child moved out of his home and that the father had spoken to the child throughout these proceedings (*cf. Basi*, 136 AD2d at 947). Thus, the father failed to meet his burden of proving that the child was emancipated, and Family Court erred in denying petitioner's objection to the order of the Support Magistrate.

The subject child is now 21 and, thus, the father owes no continued support obligation toward him (*see generally* Family Ct Act § 413 [1] [a]). Because the father was not relieved of his duty to support his child before he turned 21, however, petitioner is entitled to retroactive support dating back to the time that the child became eligible for public assistance, inasmuch as the record establishes that the child was still receiving public assistance when petitioner filed the support petition (*see* § 449 [2]; *cf. Matter of Onondaga County Commr. of Social Servs. v Smith*, 19 AD3d 1066, 1067). Because the record is insufficient for us to determine the father's retroactive support obligation (*see Matter of Tufano v Sheridan*, 249 AD2d 313, 314), we reverse the order and remit the matter to Family Court for that purpose, and to determine "whether payment should be made in one lump sum or in installments" following a hearing if necessary (*McCoy v McCoy*, 254 AD2d 732, 733; *see Schmitt*, 107 AD3d at 1530).

Finally, we deny petitioner's request for an order directing the father to add the child to his health insurance inasmuch as the father cannot be compelled to support his now 21-year-old child in the absence of an express agreement to the contrary (*see Ciampa v Ciampa*, 47 AD3d 745, 748; *see generally* Family Ct Act § 413 [1] [a]).

Entered:  February 6, 2015                        Frances E. Cafarell
                                                  Clerk of the Court