Matter of Jones v Jones (2018 NY Slip Op 02966)





Matter of Jones v Jones


2018 NY Slip Op 02966


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


418 CAF 17-01822

[*1]IN THE MATTER OF EDWARD A. JONES, PETITIONER-RESPONDENT,
v
KAREN L. JONES, RESPONDENT-RESPONDENT. TANYA J. CONLEY, ATTORNEY FOR THE CHILD, APPELLANT. 






TANYA J. CONLEY, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.


 Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered January 19, 2017 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, granted the petition of petitioner seeking modification of his child support obligation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The Attorney for the Child (AFC) appeals from an order that granted the petition of petitioner father seeking modification of his child support obligation by relieving him of his obligation to support his daughter, the eldest of the three children of the father and respondent mother. We agree with the AFC that the evidence at the hearing was insufficient to establish that the father should be relieved of that obligation based upon the mother's conduct. Visitation with the father was subject to the wishes of the daughter (see generally Hiross v Hiross, 224 AD2d 662, 663 [2d Dept 1996]; Matter of Wikoff v Whitney, 179 AD2d 924, 926 [3d Dept 1992]), and the mother and daughter both testified unequivocally that the daughter refused to have anything to do with the father by her own choice and for her own reasons (see McCloskey v McCloskey, 111 AD3d 1120, 1121-1122 [3d Dept 2013]; Matter of Crouse v Crouse, 53 AD3d 750, 752 [3d Dept 2008]).
While the evidence fails to establish that the mother deliberately interfered with visitation or otherwise contributed to the breakdown in the father-daughter relationship, we conclude that Family Court nevertheless properly relieved the father of his obligation to support the daughter on the ground that the daughter, by her conduct, forfeited her right to support (see Matter of Jurgielewicz v Johnston, 114 AD3d 945, 946-947 [2d Dept 2014]; Basi v Basi, 136 AD2d 945, 946 [4th Dept 1988], lv dismissed 72 NY2d 952 [1988]). A parent is responsible for the support of his or her child until age 21 (see Family Ct Act § 413 [1] [a]; Matter of Gold v Fisher, 59 AD3d 443, 444 [2d Dept 2009]), but "a child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support" (Matter of Saunders v Aiello, 59 AD3d 1090, 1091 [4th Dept 2009] [internal quotation marks omitted]; see Matter of Roe v Doe, 29 NY2d 188, 193 [1971]). The daughter, who was 17 when the proceeding was commenced and 18 when it was concluded, was of employable age (see Saunders, 59 AD3d at 1091; Basi, 136 AD2d at 946-947). Contrary to the AFC's contention, the record does not support the conclusion that the daughter was justified in refusing all contact with the father based upon his conduct (see Matter of Chamberlin v Chamberlin, 240 AD2d 908, 910 [3d Dept 1997]; cf. Matter of Barlow v Barlow, 112 AD3d 817, 818 [2d Dept 2013]). The father made consistent efforts to establish a relationship with the daughter by participating in counseling, inviting her to family functions, and giving her cards and gifts, but those efforts were rebuffed (see Jurgielewicz, 114 AD3d at 946-947). Neither the conflicting evidence concerning an incident when the daughter was eight or nine, nor the daughter's vague complaints about the father's personality, is sufficient to establish that the [*2]father caused the breakdown of the relationship (see Matter of Rubino v Morgan, 224 AD2d 903, 903 [3d Dept 1996]).
The AFC contends for the first time on appeal that a reduction of the father's child support obligation would render the mother and the daughter public charges and therefore failed to preserve her contention for our review (see Matter of Crosby v Hickey, 289 AD2d 1013, 1014 [4th Dept 2001]). In any event, that contention is without merit.
Finally, we reject the AFC's contention that the admission in evidence of petitioner's exhibits 8 and 9 constitutes reversible error. Rather, "[a]ny error is harmless inasmuch as the court placed minimal, if any, reliance on those [exhibits], and the evidence is otherwise sufficient to support the court's determination" (Matter of Higgins v Higgins, 128 AD3d 1396, 1397 [4th Dept 2015]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court