Matter of Johnson v Gordon (2018 NY Slip Op 08131)





Matter of Johnson v Gordon


2018 NY Slip Op 08131


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-09652
 (Docket No. F-14568-05)

[*1]In the Matter of Darius X. Johnson, appellant,
v
Sindi F. Gordon, respondent.


Darius X. Johnson, New York, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Mirna Mompelas, S.M.), dated June 5, 2017. The order, insofar as appealed from, in effect, denied that branch of the father's petition which was to adjust his child support arrears.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In March 2017, the father filed a petition to suspend his child support obligation and adjust his child support arrears based upon the mother's violation of a prior visitation order. In an order dated June 5, 2017, the Support Magistrate granted that branch of the father's petition which was to suspend his child support obligation, but, in effect, denied that branch of his petition which was to adjust his child support arrears. In an order dated July 20, 2017, the Family Court denied the father's objections to so much of the Support Magistrate's order as, in effect, denied that branch of his petition which was to adjust his child support arrears. The father appeals from the order dated June 5, 2017.
While "[i]nterference with visitation rights can be a basis for prospectively suspending child support payments," "deliberate interference by a parent with court-ordered visitation does not constitute a ground to cancel child support arrears" (Matter of Vasquez v Powell, 111 AD3d 754, 754-755; see Ledgin v Ledgin, 36 AD3d 669, 670; Brancoveanu v Brancoveanu, 156 AD2d 410). Accordingly, we agree with the Family Court's determination denying that branch of the father's petition which was to adjust his child support arrears.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court