Matter of Maldonado v Cappetta (2021 NY Slip Op 03960)





Matter of Maldonado v Cappetta


2021 NY Slip Op 03960


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


502 CAF 20-00218

[*1]IN THE MATTER OF JASMINE MALDONADO, PETITIONER-RESPONDENT,
v
THOMAS C. CAPPETTA, RESPONDENT-APPELLANT. 






THOMAS C. CAPPETTA, RESPONDENT-APPELLANT PRO SE.
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, NEW YORK CITY (KATHERINE ANNE BOY SKIPSEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Oswego County (Allison J. Nelson, J.), entered July 12, 2019 in a proceeding pursuant to Family Court Act article 4. The order granted in part and denied in part respondent's objection to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced this Family Court Act article 4 proceeding seeking an upward modification of a 2014 order of child support with respect to the parties' two children. Respondent father raised a defense of parental alienation. The Support Magistrate referred that issue to Family Court, and a hearing was held. In addition, the father filed a petition seeking to modify a prior order of custody, which the court also addressed at the same hearing. By an order entered in December 2018, the court (Seager, J.) found that there was no custodial interference, but it modified the custody order by granting the father sole legal and physical custody of the daughter and the mother sole legal and physical custody of the son. The Support Magistrate then granted the mother's petition and modified the order of child support. The father filed an objection, and in July 2019, the court (Nelson, J.) granted in part and denied in part the father's objection. The father now appeals from the July 2019 order.
Initially, the father's contention that the court erred in its determination on his parental alienation defense is properly before us inasmuch as that part of the December 2018 order resolving that issue is considered a nonfinal order, and we address his contention in the appeal from the July 2019 order (see Matter of O'Brien v Rutland, 180 AD3d 1183, 1183 n 2 [3d Dept 2020]; Matter of Curley v Klausen, 110 AD3d 1156, 1156 n 1 [3d Dept 2013]). To the extent, however, that the father contends that the court erred in granting the mother sole legal and physical custody of the son, that issue is not properly before us because the father did not appeal from the December 2018 order (see Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1387 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Jones v Jamieson, 162 AD3d 1720, 1721 [4th Dept 2018]; Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [4th Dept 2014]).
"Child support payments may be suspended . . . where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent" (Matter of McNichol v Reid, 176 AD3d 713, 714 [2d Dept 2019] [internal quotation marks omitted]; see Matter of Jurgielewicz v Johnston, 114 AD3d 945, 946 [2d Dept 2014]; Curley, 110 AD3d at 1157). "Such a suspension is warranted only where the custodial parent's actions rise to the level of deliberate frustration or active interference with the noncustodial parent's [parental access] rights" (McNichol, 176 AD3d at 714 [internal quotation marks omitted]; see Curley, 110 AD3d at 1157). Here, we agree with the court that the father failed to establish that the mother deliberately frustrated his visitation rights to such an extent [*2]that suspension or termination of support payments was warranted (see Matter of Fielder v Fielder, 189 AD3d 1231, 1233 [2d Dept 2020]; Matter of Saunders v Aiello, 59 AD3d 1090, 1092 [4th Dept 2009]; see generally Matter of Coleman v Murphy, 89 AD3d 1500, 1501 [4th Dept 2011]). Although the record establishes that the parents have an acrimonious relationship, the mother testified that she never hindered access to the father or encouraged either child not to visit the father. To the contrary, the mother testified that she encouraged the son to speak with and visit the father, and she explained that, as the children got older, they began dealing directly with the father to schedule parenting time.
We reject the father's further contention that the mother failed to establish a change in circumstances to justify reconsideration of the child support obligation. Inasmuch as three years had passed since the 2014 child support order, the mother "was not obligated to demonstrate a substantial change in circumstances" (Matter of Khost v Ciampi, 189 AD3d 1409, 1410 [2d Dept 2020]; see Family Ct Act § 451 [3] [b] [i]; Matter of Siouffi v Siouffi, 186 AD3d 1789, 1790 [3d Dept 2020], lv dismissed in part and denied in part 36 NY3d 1042 [2021]). Contrary to the father's contention, the Support Magistrate did not abuse his discretion in not imputing income to the mother and instead using her actual earnings in calculating child support (see generally Matter of Montgomery v List, 173 AD3d 1657, 1657-1658 [4th Dept 2019]; Irene v Irene [appeal No. 2], 41 AD3d 1179, 1180 [4th Dept 2007]). We reject the father's contention that the award of child support was "unjust or inappropriate" (Family Ct Act
§ 413 [1] [f]).
Finally, we have considered the father's remaining contentions
and conclude that they are without merit.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court