■ VINCENT P. SCHNEIDER, Appellant, v SUSAN M. SCHNEIDER, Respondent.—In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (Benson, J.), dated August 27, 1984, as granted the defendant wife judgment in the amount of $14,400, representing arrears in child support, and denied his cross motion for reduction of the amount of child support.

Judgment affirmed, insofar as appealed from, with costs.

Pursuant to a divorce judgment dated January 11, 1978, the wife was granted custody of the parties' son, and the husband was directed to pay $100 per week in child support until the son became emancipated. The son graduated from high school in June 1979, at which time the husband informed the son that he would discontinue the support payments unless he pursued further education or vocational training, or became employed. The husband ceased making payments after August 1979, and the wife moved, by order to show cause dated April

18, 1980, for a judgment for unpaid child support. The husband then cross-moved for an order reducing the support payments until such time as the son entered school or a job-training program.

The Supreme Court found the husband failed to establish that the son was emancipated as of September 1979 and forfeited his right to continued support. As the husband interposed no other defense, the court awarded the wife judgment for arrears which had accrued from August 1979 until the time the son became 21 years old. We affirm.

The burden of proof as to emancipation is on the party asserting it (see, Gittleman v Gittleman, 81 AD2d 632), which burden the husband failed to sustain. It is undisputed the son resided with the wife for the period in question and was supported by her. The record also reveals that it was the husband who abandoned the parent-child relationship, and not the son who did so.

The husband's remaining arguments are unpersuasive. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.