■ In the Matter of JOYCE JAFFEE, Respondent, v ERNEST G. JAFFEE, Appellant. [608 NYS2d 649] —Order, Family Court, Nassau County (Joseph A. De Maro, J.), entered August 20, 1991, which denied respondent's objections to an order of the same court (Patricia Bannon, H.E.), entered February 13, 1991, which directed defendant to pay $123.13 a week in child support for one minor dependent child, $16.87 a week in arrears and a pro rata share of the child's college tuition, unanimously affirmed, without costs.

The record supports the Hearing Examiner's findings that for nearly six years following his divorce and departure from the family residence, respondent noncustodial parent made no effort to establish and maintain a relationship with his adolescent son other than his attempts to obtain court-ordered visitation contrary to the child's wishes. We agree that given such circumstances, the child's reluctance to see his father cannot be viewed as an abandonment of the parental home or refusal to comply with reasonable parental demands, such as would warrant a finding of emancipation and termination of respondent's statutory duty to support his child to age 21. Nor is emancipation to be found by reason of the child's previous part-time jobs or his intention to work full-time for a few

months to save money for college tuition *(see, Matter of Alice C. v Bernard G. C.,* 193 AD2d 97, 105-106). A parent has a statutory obligation to provide for his or her children's reasonable needs, including education expenses where the child's academic ability, the parent's financial ability, and other relevant circumstances warrant it *(see, Matter of Montagnino v Montagnino,* 163 AD2d 598, 599-600). As for respondent's claims of financial distress and inability to meet the level of support ordered, we defer to the Hearing Examiner, who was in the best position to assess the credibility of the witnesses and the evidence proffered *(Matter of Alamo v Alamo,* 168 AD2d 493, 493-494; *Matter of Dinkins v Mabry,* 194 AD2d 787). We have considered respondent's other contentions and find them to be meritless. Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.