■ BARBARA RADIN, Respondent, v PHILIP RADIN, Appellant. [618 NYS2d 105] —In a matrimonial action in which the parties were divorced by judgment dated January 17, 1989, the defendant father appeals from an order from the Supreme Court, Westchester County (Wood, J.), entered May 4, 1993, which denied his motion, *inter alia,* to terminate child support, or to condition the payment of child support upon visitation by his children, and granted the plaintiff mother's cross motion for arrears in child support.

Ordered that the order is affirmed, with costs.

A parent has a statutory obligation to support his or her child to the age of 21 years (Family Ct Act § 413 [1] [a]). However, where a child voluntarily abandons the noncustodial parent by refusing all contacts or visitation, without cause, the parent's support obligation can be terminated *(see, Matter of Alice C. v Bernard G. C.,* 193 AD2d 97, 109). Where a parent causes the alienation between parent and child or has not made serious attempts to contact the child, abandonment will not be found *(see, Lipsky v Lipsky,* 115 AD2d 361). Here, the father's claim that his daughters abandoned him by not returning his telephone calls and not contacting him merely indicates that there was a reluctance on the children's part to contact him, especially after he told one of the daughters not to call him again. A child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation *(see, Jaffee v Jaffee,* 202 AD2d 264), and a few telephone calls cannot be construed as a serious attempt to maintain a relationship with a child *(see, Matter of Alice C. v Bernard G. C., supra,* at 110). The record establishes that the father contributed to the deterioration of his relationship with his daughters. In sum, the father has not shown that his daughters constructively abandoned him.

The father's remaining contention that a downward modification of his agreement to pay his daughters' college costs should have been granted is without merit *(see, Dunlap v Dunlap,* 193 AD2d 1025, 1026; *Antis v Antis,* 108 AD2d 889). Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.