■ In the Matter of SHERI HECHT, Appellant, v JODY HECHT, Respondent. [635 NYS2d 280] —In a support proceeding pursuant to Family Court Act article 4 to suspend a Child Support Order, dated March 31, 1993, on the ground that the mother Sheri Hecht violated a Visitation Order, the mother appeals from an order of the Family Court, Nassau County (Feiden, J.), dated August 15, 1994, which, after a hearing, suspended the Child Support Order.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the father's petition to suspend the Child Support Order is denied, and the proceeding is dismissed on the merits.

On appeal, the mother contends that the Family Court improvidently exercised its discretion in suspending the Child Support Order since the father failed to prove his case by a preponderance of the evidence. We agree and now reverse.

The record fails to establish that the mother's conduct rose to the level of "deliberate frustration" or "active interference" with the father's visitation rights (*Weinreich v Weinreich*, 184 AD2d 505, 506; *Chapin v Chapin*, 184 AD2d 1082; *Ginsberg v Ginsberg*, 164 AD2d 906, 908). Instead, the record reveals that the mother did not comply with certain visitation requirements due to her financial situation, which was made worse by the father's failure to pay over $5,000 in past child support payments. Accordingly, we find that the court improvidently exercised its discretion in granting the father's petition to suspend future child support payments. Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.