Matter of Bruce A. v Alisa M. (2005 NY Slip Op 50641(U))

[*1]

Matter of Bruce A. v Alisa M.

2005 NY Slip Op 50641(U)

Decided on April 27, 2005

Family Court, Ontario County

Doran, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 27, 2005

Family Court, Ontario County
In the Matter of a Proceeding for Support Under Article 4 of the Family Court Act Bruce A., Petitioner,
against
Alisa M., Respondent.
xxx

Craig J. Doran, J.
A Petition was filed by the petitioner in this Court on October 7, 2004, seeking to modify a prior order, dated May 8, 2003, which, inter alia, required the petitioner to pay child support in the sum of $200.00 per week. The parties herein are the natural parents of a child, to wit: Calie M., born September 18, 1987. The instant petition seeks to terminate the petitioner's child support obligation based upon the child's alleged abandonment of the petitioner.
A hearing on the instant petition was held before this Court on April 4, 2005. On the date of the hearing, the petitioner appeared with counsel, the respondent appeared pro se, and Paul Bleakley, Esq. appeared as Law Guardian for the parties' child.
FINDINGS OF FACT
The parties to the instant action were divorced pursuant to a Judgment of Divorce, dated June 2, 1995. The Judgment of Divorce incorporated but did not merge therein a Separation Agreement entered into between the parties on June 11, 1994. Pursuant to the terms of the parties' agreement, the respondent herein had sole custody of the parties' child, to wit: Calie M., born September 18, 1987. Pursuant to the parties' agreement, the petitioner had specific periods of visitation.
The petitioner asserted that he exercised fairly regular visitation with Calie up until 1998. Denise Russell, a former girlfriend of the petitioner's, testified at the hearing that from 1993 until 1998, Calie came to visit the petitioner at his home in Earlville, New York on a fairly regular basis. Calie visited during summer vacations, school breaks, and weekends. The last visit between the petitioner and Calie at the petitioner's residence was in 1997. The last contact between the petitioner and Calie was in the fall of 1999, when the petitioner met with Calie to go shopping for school clothes.
[*2]
The petitioner testified that, over the years, he has had difficulty contacting the respondent and Calie. He testified that he has sent cards and gifts to the child. Despite this, Calie has not contacted him. In March, 2004, the respondent and Calie filed a petition to change Calie's last name to that of the surname of Calie's stepfather. The petitioner asserts that the child should be deemed constructively emancipated for support purposes because she has constructively abandoned her father.
The petitioner has not made any valid or sincere attempt to visit with the child in at least 6 years. The petitioner moved, of his own free will and volition, to Long Island, New York, further distancing himself from the child. The petitioner has known the respondent's telephone number and has known that the child has resided in the Canandaigua area for years and has paid support for the benefit of the child. Despite this, the petitioner has never filed a petition in family court to have his visitation rights enforced. The petitioner never made any attempts to inquire about the schools that Calie has attended. He has never shown any interest in her extracurricular activities. In 2003, the petitioner was knowingly in the same room at the Ontario County Courthouse as Calie and the petitioner never made any attempt to speak to her.
The respondent testified that the petitioner's contact with Calie has been extremely limited throughout Calie's life. The parties separated from one another when Calie was approximately one year old. Calie has no recollection of visiting with her father. In fact, when the petitioner and Calie encountered one another at a court appearance in 2003, Calie did not recognize her father. On the day of the court appearance, the petitioner stated to the respondent that he wanted nothing to do with Calie. The respondent denies the petitioner's assertions that he has sent letters, gifts and cards to Calie over the years. The respondent recalls that the petitioner sent a couple of letters to Calie when Calie was very young. The respondent denies interfering with contact between the petitioner and the child. The respondent asserts that the petitioner never tried to exercise his visitation or tried to involve himself in the child's life. The respondent's testimony was credible.
Neither party submitted evidence that the child herself refused to have contact with the petitioner. The petitioner failed to submit any evidence of Calie's refusal to visit or speak to her father. Rather, the evidence was very clear that the petitioner is the one that refused to exercise or seek enforcement of his visitation rights over the years.
CONCLUSIONS OF LAW
This Court notes that children are considered emancipated "if they attain economic independence *** [or] may be deemed constructively emancipated if, without cause, they withdraw from parental supervision and control" ( Matter of Bogin v. Goodrich, 265 AD2d 779). Clearly, Calie is not economically independent. She is a 17-year old high school student, who lives with her mother and step-father. She is not self-supporting.
Furthermore, this Court finds that Calie cannot be deemed constructively emancipated. Although a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation without justification may be deemed to have forfeited his or her right to support, where it is the parent who causes a breakdown in communication with the child through conduct such as malfeasance, misconduct, neglect or abuse, the child's unwillingness to continue the parent-child relationship is justified and will not be deemed abandonment (Weigert v. Weigert, 267 [*3]AD2d 620). Notably, a noncustodial parent seeking to suspend child support payments has the burden to establish the lack of justification for the child's refusal to maintain contact (see, Weigert v. Weigert, supra).
In the instant case, the petitioner failed to produce adequate evidence concerning his specific efforts to encourage a relationship with Calie or that those efforts had been rebuffed. There was insufficient proof to establish emancipation by abandonment (see, Holscher v. Holscher, 4 AD3d 629). Where a parent causes the alienation between parent and child or has not made serious attempts to contact the child, abandonment will not be found (see, Radin v. Radin, 209 AD2d 396). Here, the petitioner has not set forth any evidence of serious attempts made by him to maintain a relationship with Calie. A few telephone calls cannot be construed as a serious attempt to maintain a relationship with a child. The petitioner made no effort to exercise visitation since at least the last six years. He even refused to acknowledge Calie in 2003 when they were both at the Ontario County Courthouse. Furthermore, there was no evidence that Calie refuses to visit with her father.
Based upon the foregoing, it is hereby
ORDERED, the petition is denied.
This shall constitute the Decision and Order of this Court.

PURSUANT TO §1113 OF THE FAMILY COURT ACT, AN APPEAL MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE MAILING OF THE ORDER TO THE APPELLANT BY THE CLERK OF THE COURT, OR 35 DAYS AFTER SERVICE BY A PARTY OR LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
Signed this 27th day of April, 2005, at Canandaigua, New York.
 Craig J. Doran
Family Court Judge