◼ In the Matter of PAUL S. GOLD, Appellant, v JANE E. FISHER, Respondent. [873 NYS2d 139]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Bennett, J.), dated March 31, 2008, which, after a hearing, denied his petition to vacate a child support order.

Ordered that the order is affirmed, without costs or disbursements.

It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (*see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Nevertheless, under the doctrine of constructive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]). "In contrast, where it is the parent who causes a breakdown in communication with his child, or has made no serious effort to contact the child and exercise his visitation rights, the child will not be deemed to have abandoned the parent" (*id.*).

"The burden of proof as to emancipation is on the party asserting it" (*Schneider v Schneider*, 116 AD2d 714, 715 [1986]). In this case, the evidence in the record sufficiently supports the Family Court's finding that the father failed to meet his burden (*see Radin v Radin*, 209 AD2d 396 [1994]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 110). Although the father and the daughter presented somewhat different reasons for their estrangement, we see no reason to disturb the Family Court's decision to credit the daughter's testimony (*see Matter of Guevara v Ubillus*, 47 AD3d 715, 716 [2008]; *Matter of Commissioner of Social Servs. v Jones-Gamble*, 227 AD2d 618, 619 [1996]; *Matter of Drago v Drago*, 138 AD2d 704, 705 [1988]).

The father's remaining contention is without merit. Mastro, J.P., Florio, Balkin and Eng, JJ., concur.