■ In the Matter of EVERETT DEWITT, Respondent, v ANTOINETTE GIAMPIETRO, Appellant. [887 NYS2d 210]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Lechtrecker, J.), dated March 18, 2008, which granted the father's motion to declare the parties' child constructively emancipated and terminated the father's future support obligation.

Ordered that the order is reversed, on the facts, without costs or disbursements, the father's motion to declare the parties' child constructively emancipated is denied, and the father's child support obligation is reinstated.

It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (*see* Family Ct Act § 413; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Nevertheless, under the doctrine of constructive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Gold v Fisher*, 59 AD3d at 444; Family Ct Act § 413). "In contrast, where it is the parent who causes a breakdown in communication with his child, or has made no serious effort to contact the child and exercise his visitation rights, the child will not be deemed to have abandoned the parent" (*Matter of Alice C. v Bernard G.C.*, 193 AD2d at 109; *see Matter of Gold v Fisher*, 59 AD3d at 444).

" 'The burden of proof as to emancipation is on the party asserting it' " (*Matter of Gold v Fisher*, 59 AD3d at 444, quoting *Schneider v Schneider*, 116 AD2d 714, 715 [1986]). In this case, the evidence in the record is insufficient to support the Family Court's finding that the father met his burden (*see Radin v Radin*, 209 AD2d 396 [1994]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 110).

Although the Family Court is in the best position to assess the credibility of the witnesses (*see Matter of Commissioner of Social Servs. v Jones-Gamble*, 227 AD2d 618, 619 [1996]), there is an insufficient basis in the record to support the finding that the daughter unjustifiably refused contact and visitation with

her father. Furthermore, although after the incident which gave rise to the daughter's refusal to have contact with the father, the father attempted to contact the daughter, those attempts ceased after approximately one month and cannot be deemed serious efforts to establish a relationship with the daughter (*see Radin v Radin,* 209 AD2d 396 [1994]; *Matter of Alice C. v Bernard G.C.,* 193 AD2d at 110; *compare Matter of Chamberlin v Chamberlin,* 240 AD2d 908 [1997]; *Matter of Rubino v Morgan,* 224 AD2d 903 [1996]). Moreover, the daughter testified that she loved her father and would be willing to re-establish visitation with her father gradually through counseling (*see Radin v Radin,* 209 AD2d 396 [1994]; *Matter of Alice C. v Bernard G.C.,* 193 AD2d at 110). "A child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation" (*Radin v Radin,* 209 AD2d at 396). Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.