■ FRANK A. KORDES, Appellant, v SUSAN KORDES, Respondent. [893 NYS2d 633]—

In a matrimonial action in which the parties were divorced by judgment entered October 4, 1996, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated December 18, 2008, as denied his motion for an order determining that the parties' minor child, Ashley, has voluntarily abandoned him and is emancipated from him, and that the defendant has forfeited her right to further child support for that child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"It is fundamental public policy in New York that parents are

responsible for their children's support until age 21" (*Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). However, pursuant to the doctrine of constructive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Gold v Fisher*, 59 AD3d at 444). "The burden of proof as to emancipation is on the party asserting it" (*Schneider v Schneider*, 116 AD2d 714, 715 [1986]).

Under the circumstances of this case, the Supreme Court correctly concluded that the father failed to meet his burden of proving that his daughter was constructively emancipated from him (*see Matter of Gold v Fisher*, 59 AD3d 443 [2009]; *Radin v Radin*, 209 AD2d 396 [1994]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97 [1993]). The record discloses that the father may have caused the alienation between himself and his daughter, and "[a] child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation" (*Radin v Radin*, 209 AD2d at 396; *see also Matter of Jaffee v Jaffee*, 202 AD2d 264 [1994]; *Lipsky v Lipsky*, 115 AD2d 361 [1985]). Accordingly, the court properly denied the father's motion. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.