■ In the Matter of PAUL BURR, Appellant, v JACQUELINE M. FELLNER, Respondent. [900 NYS2d 656]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Putnam County (Rooney, J.), dated June 1, 2009, which denied his objections to an order of the same court (Kaufman, S.M.), dated March 27, 2009, which, after a hearing, granted his petition for a downward modification of his child support obligation only to the extent that it modified his child support obligation for the parties' son.

Ordered that the order dated June 1, 2009, is affirmed, without costs or disbursements.

It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (*see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]). Nevertheless, under the doctrine of constructive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Gold v Fisher*, 59 AD3d at 444; Family Ct Act § 413). However, "[a] child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation" (*Radin v Radin*, 209 AD2d 396 [1994]). Children are also emancipated if they become economically independent of their parents through employment, entry into military service, or marriage (*see Alice C. v Bernard G.C.*, 193

AD2d at 105). " 'The burden of proof as to emancipation is on the party asserting it' " (*Matter of Gold v Fisher*, 59 AD3d at 444, quoting *Schneider v Schneider*, 116 AD2d 714, 715 [1986]).

Contrary to the father's contention, he failed to meet his burden of establishing that his daughter is emancipated. The father failed to demonstrate that she abandoned the relationship with him (*compare Radin v Radin*, 209 AD2d 396 [1994], *and Matter of Alice C. v Bernard G.C.*, 193 AD2d at 110, *with Matter of Commissioner of Social Servs. v Jones-Gamble*, 227 AD2d 618, 619 [1996], *and Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909-910 [1997]). The father also failed to establish that his daughter withdrew from parental control and supervision (*see Matter of Alice C. v Bernard G.C.*, 193 AD2d at 109). Furthermore, there was insufficient evidence to establish that she was economically independent of her parents (*see Matter of Alice C. v Bernard G.C.*, 193 AD2d at 106). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order denying that branch of his petition for a downward modification of his child support obligation which pertained to his child support obligation for the parties' daughter.

Finally, the father failed to rebut the presumption that the application of the guidelines contained in the Child Support Standards Act (*see* Family Ct Act § 413) yielded the correct amount of child support (*see Matter of North Guilford County v Campbell*, 305 AD2d 686, 687 [2003]; *Matter of Picciullo v Collein*, 226 AD2d 643, 643-644 [1996]; *Matter of Keay v Menda*, 210 AD2d 483 [1994]; *see e.g. Michael N. G. v Elsa R.*, 199 AD2d 81 [1993]; *Matter of Maddox v Doty*, 186 AD2d 135 [1992]). Dillon, J.P., Santucci, Hall and Lott, JJ., concur.