In the Matter of JOHN DeLUCA, Appellant, v MARCY J. STREAR-DeLUCA, Respondent. [922 NYS2d 529]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated October 12, 2010, which denied his objection to an order of the same court (Joseph-Cherry, S.M.), dated June 10, 2010, which, after a hearing, in effect, denied his motion to vacate a child support order dated May 12, 2009.

Ordered that the order dated October 12, 2010, is affirmed, without costs or disbursements.

It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (*see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Nevertheless, under the doctrine of constructive emancipation, where "a minor of employable age and in full possession of [his or] her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control [he or] she forfeits [his or] her right to demand support" (*Matter of Roe v Doe*, 29 NY2d at 192; *see Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 105 [1993]). "The burden of proof as to emancipation is on the party asserting it" (*Schneider v Schneider*, 116 AD2d 714, 715 [1986]; *see Matter of Gold v Fisher*, 59 AD3d at 444).

Where, as here, it is the parent who causes a breakdown in communication with his or her child, or has failed to make a serious effort to contact the child, the child will not be deemed

to have abandoned the parent (*see Matter of Alice C. v Bernard G.C.*, 193 AD2d at 109). The father's sporadic and inconsistent attempts to contact the subject child were insufficient to establish that the child abandoned him (*see Matter of Gold v Fisher*, 59 AD3d at 444; *Schneider v Schneider*, 116 AD2d at 715). Moreover, while the subject child had, at certain times in the past, limited contact with her father by withholding her current address, and allegedly seeking an order of protection against him, such reluctance did not constitute an abandonment (*see Radin v Radin*, 209 AD2d 396 [1994]), particularly since it is undisputed that the child responded to at least some of the father's telephone calls and text messages during the relevant time period, and the child repeatedly emphasized in her testimony that she has never wanted to eliminate contact with her father altogether.

The father's remaining contention is without merit. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.