■ In the Matter of KRISTEN TURNOW, Respondent, v ALBERT STABILE III, Appellant. [924 NYS2d 292]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated August 2, 2010, which, after a hearing, in effect, denied his motion to terminate his child support obligation based on the constructive emancipation of the parties' two children.

Ordered that the order is affirmed, without costs or disbursements.

It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (see Family

Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]). Nevertheless, under the doctrine of constructive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Burr v Fellner*, 73 AD3d 1041, 1041 [2010]). However, "[a] child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation" (*Radin v Radin*, 209 AD2d 396, 396 [1994]; *see Kordes v Kordes*, 70 AD3d 782, 783 [2010]). Moreover, " '[t]he burden of proof as to emancipation is on the party asserting it' " (*Matter of Gold v Fisher*, 59 AD3d at 444, quoting *Schneider v Schneider*, 116 AD2d 714, 715 [1986]).

Here, the Family Court's determination that the father failed to meet his burden of establishing that his children were constructively emancipated is supported by the record. In this regard, the record demonstrates that the father's own behavior was the primary cause of the deterioration in his relationship with both children (*see Kordes v Kordes*, 70 AD3d at 783, *Matter of Gold v Fisher*, 59 AD3d at 444; *Radin v Radin*, 209 AD2d at 396). Accordingly, the Family Court properly denied the father's motion to terminate his child support obligation based on the constructive emancipation of the parties' two children. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.