Scott Schulman, Appellant, v Robin Marlene Schulman, Respondent. [956 NYS2d 577]—

"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856 [2011]). "Nevertheless, under the doctrine of constructive emancipation, 'a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation' may forfeit any entitlement to support" (*Matter of Turnow v Stabile*, 84 AD3d 1385, 1386 [2011], quoting *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Burr v Fellner*, 73 AD3d 1041, 1041 [2010]). However, " 'where it is the parent who causes a breakdown in communication with his child, or has made no serious effort to contact the child and exercise his visitation rights, the child will not be deemed to have abandoned the parent' " (*Matter of Gold v Fisher*, 59 AD3d at 444, quoting *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 109). Moreover, " '[a] child's reluctance to see a parent is not abandonment, relieving the parent of any support obligation' " (*Matter of Turnow v Stabile*, 84 AD3d at 1386, quoting *Radin v Radin*, 209 AD2d 396, 396 [1994]; *see Kordes v Kordes*, 70 AD3d 782, 783 [2010]). "The burden of proof as to emancipation is on the party asserting it" (*Schneider v Schneider*, 116 AD2d 714, 715 [1986]; *see Matter of Gold v Fisher*, 59 AD3d at 444).

Contrary to the plaintiff's contention, he failed to meet his burden of establishing that his oldest child was constructively emancipated. The proof submitted by the plaintiff in support of his motion failed to demonstrate that he made sufficient attempts to maintain a relationship with the child, or that the child abandoned the relationship with him (*see Matter of Burr v Fellner*, 73 AD3d at 1042; *Matter of Saunders v Aiello*, 59 AD3d 1090, 1091 [2009]; *Radin v Radin*, 209 AD2d at 396; *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 110).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to terminate his child support obligation with respect to the parties' oldest child. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.