■ In the Matter of ANDREA GANSKY, Respondent, v JAMES GANSKY, Appellant. [962 NYS2d 255]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Genchi, J.), dated October 7, 2011, which denied his objections to an order of the same court (Buse, S.M.), dated July 28, 2011, which, after a hearing, dismissed his petition for a downward modification of his child support obligation, and (2) an order of the same court (Cheng, J.), dated March 27, 2012, which, after a hearing, denied that branch of his subsequent petition which was to terminate his child support obligation on the ground of constructive emancipation.

Ordered that the orders dated October 7, 2011, and March 27, 2012, are affirmed, without costs or disbursements.

To establish entitlement to a downward modification of a child support order, a party has the burden of showing that there has been a substantial change in circumstances (*see Matter of Kasun v Peluso*, 82 AD3d 769, 771 [2011]; *Matter of Brennan v Burger*, 63 AD3d 922, 923 [2009]). The credibility determinations of a Family Court support magistrate, who is in the best position to hear and evaluate the credibility of the witnesses, are entitled to deference (*see Matter of Kennedy v Ventimiglia*, 73 AD3d 1066 [2010]; *Matter of Cordero v Olivera*, 40 AD3d 852 [2007]; *see also Matter of Mongelluzzo v Sondgeroth*, 95 AD3d 1332, 1333 [2012]).

Here, the Support Magistrate did not improvidently exercise her discretion in declining to rely on the father's account of his finances in determining that he failed to establish a substantial change of circumstances warranting a downward modification. As the Support Magistrate's findings were based on credibility determinations and supported by the record, they should not be disturbed (*see Matter of Kennedy v Ventimiglia*, 73 AD3d at 1066). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order dismissing his petition for a downward modification of his child support obligation.

Furthermore, the Family Court properly denied that branch of the father's subsequent petition which was to terminate his child support obligation on the ground of constructive emancipation. "It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Nevertheless, under the doctrine of constructive emancipation, where "a minor of employable age and in full possession of [his or] her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control [he or] she forfeits [his or] her right to demand support" (*Matter of Roe v Doe*, 29 NY2d at 192; *see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856, 857 [2011]; *Matter of DeLuca v Strear-DeLuca*, 84 AD3d 801 [2011]). In contrast, where the parent causes a breakdown in communication with his or her child, or has made no serious effort to contact the child and exercise his or her visitation rights, the child will not be deemed to have abandoned the parent (*see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d at 857; *Matter of Gold v Fisher*, 59 AD3d at 444; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]).

The burden of proof as to emancipation is on the party assert-

ing it (*see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d at 857; *Matter of Gold v Fisher*, 59 AD3d at 444). In this case, the evidence in the record sufficiently supports the Family Court's determination that the father failed to meet his burden (*see Matter of Gold v Fisher*, 59 AD3d at 444; *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 110). Although there was evidence that the children failed to return the father's telephone calls for several weeks before he filed his termination petition, such an occurrence shows no more than the children's reluctance to contact him. Reluctance to see a parent is not abandonment (*see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d at 858; *Radin v Radin*, 209 AD2d 396 [1994]). Moreover, there was ample support for the court's determination that the father made no serious effort to maintain his relationship with the children during the relevant time period (*see Matter of Glen L.S. v Deborah A.S.*, 89 AD3d at 858; *Radin v Radin*, 209 AD2d 396 [1994]). Rivera, J.P., Hall, Roman and Miller, JJ., concur.