■ In the Matter of MICHAEL J. GRUCCI, Appellant, v CHRIS-TINE M. VILLANTI, Respondent. [969 NYS2d 493]—

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated October 12, 2011, which denied his objections to two orders of the same court (Fields, S.M.), both dated August 24, 2011, which, after a hearing, denied his petition for a downward modification of an order of child sup-port dated December 13, 2006, determined that he willfully violated the order of child support, and, in effect, denied his mo-tion to recuse the Support Magistrate from the hearing.

Ordered that the order dated October 12, 2011, is affirmed, with costs.

The Family Court properly denied the father's objections to the Support Magistrate's orders. The father, as the party seek-ing modification of a support order entered on consent, had the burden of showing that there had been a substantial change in circumstances (*see Matter of Anderson v Anderson*, 92 AD3d 779 [2012]; *Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]). The father failed to prove a change of circumstances warranting modification of his support obligation, and the Family Court properly denied his modification petition.

The father claimed that he should no longer be required to pay support because the mother had alienated the child from him. Under the doctrine of constructive emancipation, a child of

employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support (*see Schulman v Schulman*, 101 AD3d 1098 [2012]; *Matter of Gold v Fisher*, 59 AD3d 443 [2009]). However, a child's reluctance to see a parent is not abandonment (*see Schulman v Schulman*, 101 AD3d at 1098; *Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856 [2011]; *Matter of Turnow v Stabile*, 84 AD3d 1385 [2011]; *Kordes v Kordes*, 70 AD3d 782 [2010]). There is no evidence in the record that the child has refused all contact and visitation with the father. The Support Magistrate did not err in excluding testimony regarding events that occurred before the December 13, 2006, order of support. Those events could not show a change in circumstances after the entry of the support order.

The mother established that the father had willfully violated the order of support. Proof that a respondent in a Family Court Act article 4 proceeding has failed to pay child support as ordered is sufficient to establish a prima facie case of willful violation, shifting to the respondent the burden of going forward (*see Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]; *Matter of Kaplan v Kaplan*, 102 AD3d 873 [2013]; *Matter of Marra v Hernandez*, 102 AD3d 699 [2013]). Here, the father acknowledged that he had not paid his share of the child's college tuition, as required by the order of support. The father failed to rebut the presumption of his ability to pay college expenses as ordered (*see* Family Ct Act § 437). The fact that the child had taken out student loans, and the father's belief that the mother would use funds earmarked for tuition for other purposes, were irrelevant for the purpose of determining whether the father had violated the order of support.

The Support Magistrate did not err in denying the father's motion for her to recuse herself. The father's counsel acknowledged at the hearing that there was no legal basis for disqualification of the Support Magistrate. Where no legal basis for disqualification under Judiciary Law § 14 is alleged, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience (*see Matter of McGrath v D'Angio*, 85 AD3d 794 [2011]; *Matter of Alyssa A. [Michelle N.—Sandra N.]*, 79 AD3d 740 [2010]; *Matter of O'Donnell v Goldenberg*, 68 AD3d 1000 [2009]). The father failed to set forth any proof of bias or prejudgment to warrant the conclusion that the Support Magistrate's refusal to recuse herself was an improvident exercise of discretion (*see Matter of Alyssa A. [Michelle N.—Sandra N.]*, 79 AD3d at 740; *Matter of O'Donnell v Goldenberg*, 68 AD3d at 1000).

The father's remaining contentions are either without merit or improperly raised for the first time on appeal (*see* CPLR 5501; *Matter of Stone v Stone*, 236 AD2d 615 [1997]). Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.