In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Loguercio, J), dated January 18, 2013, which, after a hearing, denied his petition to terminate his child support obligation on the grounds of constructive emancipation and parental alienation.
Ordered that the order is reversed, on the facts, with costs, and the petition is granted.
“It is fundamental public policy in New York that parents are responsible for their children’s support until age 21” (Matter of Gold v Fisher, 59 AD3d 443, 444 [2009]; see Family Ct Act § 413; Matter of Barlow v Barlow, 112 AD3d 817 [2013]; Matter of Gansky v Gansky, 103 AD3d 894, 895 [2013]; Schulman v Schulman, 101 AD3d 1098, 1099 [2012]; Matter of Glen L.S. v Deborah A.S., 89 AD3d 856, 857 [2011]). “However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child’s mere reluctance to see a parent is not abandonment” (Matter of Barlow v Barlow, 112 AD3d at 818; see Matter of Grucci v Villanti, 108 AD3d 626, 626-627 [2013]; Schulman v Schulman, 101 AD3d at 1099; Matter of Glen L.S. v Deborah A.S., 89 AD3d at 857; Matter of Turnow v Stabile, 84 AD3d 1385, 1386 [2011]). “ ‘[W]here it is the parent who causes a breakdown in communication with his [or her] child, or has made no serious effort to contact the child and exercise his [or her] visitation rights, the child will not be deemed to have abandoned the parent’ ” (Matter of Glen L.S. v Deborah A.S., 89 AD3d at 857, quoting Matter of Alice C. v Bernard G.C., 193 AD2d 97, 109 [1993]; see Matter of Barlow v Barlow, 112 AD3d 817 [2013]; Schulman v Schulman, 101 AD3d at 1099; Matter of Dewitt v Giampietro, 66 AD3d 773, 774 [2009]). Such a breakdown in communication between a parent and a child may result from the parent’s “malfeasance, misconduct, neglect, or abuse” (Matter of Barlow v Barlow, 112 AD3d at 818, citing Matter of Wiegert v Wiegert, 267 AD2d 620 [1999]). Where a child justifiably refuses to continue a relationship with a parent due to such parental conduct, the child will not be deemed to be self-emancipated (see Matter of Barlow v Barlow, 112 AD3d 817 [2013]; Labanowski v Labanowski, 49 AD3d 1051 [2008]). “The burden of proof as to emancipation is on the party asserting it” (Schneider v Schneider, 116 AD2d 714, 715 [1986]; see Matter of *946 Barlow v Barlow, 112 AD3d 817 [2013]; Schulman v Schulman, 101 AD3d at 1099; Matter of Glen L.S. v Deborah A.S., 89 AD3d at 857; Matter of Turnow v Stabile, 84 AD3d at 1386).
In addition, with regard to parental alienation, ££[c]hild support payments may be suspended where the custodial parent unjustifiably frustrates the noncustodial parent’s right of reasonable access” (Matter of Dempsey v Arreglado, 95 AD3d 1388, 1389 [2012]; see Matter of Rivera v Echavarria, 48 AD3d 578, 578 [2008]; Matter of Lew v Sobel, 46 AD3d 893, 895 [2007]; Matter of Hecht v Hecht, 222 AD2d 589 [1995]).
Here, the Family Court correctly determined that the father failed to meet his burden of demonstrating that the mother deliberately frustrated or actively interfered with his visitation rights at any time after the parties entered into a stipulation on May 11, 2011, in which the father agreed to continue to provide child support for the subject child (see Matter of Rivera v Echavarria, 48 AD3d at 578; Matter of Hecht v Hecht, 222 AD2d 589 [1995]). Accordingly, the Family Court properly declined to grant the father’s petition to terminate his support obligation insofar as it was premised on the ground of parental alienation.
However, contrary to the Family Court’s determination, the father met his burden of establishing that the subject child was constructively emancipated. This Court’s power to review the evidence is as broad as that of the hearing court, and we may render the judgment that is warranted by the facts, bearing in mind that in a close case, the factfinder had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Here, the father established that a substantial change had taken place in his relationship with the subject child since the father and mother entered into the May 11, 2011, stipulation (see generally Family Ct Act § 451 [2] [a]; Matter of Grucci v Villanti, 108 AD3d 626 [2013]; Matter of Orange County Dept. of Social Servs. v Meehan, 252 AD2d 588, 590 [1998]). Since then, the subject child had attained the age of 18, rendering her of employable age and, thus, capable of becoming constructively emancipated (see Foster v Daigle, 25 AD3d 1002, 1004 [2006]; Yokaitis v Yokaitis, 184 AD2d 695, 695-696 [1992]). The evidence at the hearing established that the father consistently made a serious effort to maintain a relationship with the subject child during the relevant time period. The testimony adduced at the hearing demonstrated that the father regularly called the subject child at the mother’s home, but his calls would either go unanswered, or, according to the mother, the subject child would refuse to speak with him. The father testified that he left mes *947 sages indicating his willingness to participate in counseling with the subject child, but these offers were not accepted. On special occasions, the father left gifts and cards for the child that the child did not acknowledge. The father also contacted the child’s therapist and suggested therapeutic visitation with the child. However, the child refused this offer. In addition to demonstrating the father’s serious efforts to maintain a relationship with the child, the evidence demonstrated that, during the relevant period of time, the father’s behavior was not a primary cause of the deterioration in his relationship with the subject child. Based on the evidence presented at the hearing, the father satisfied his burden of demonstrating that the subject child was constructively emancipated, and a finding in the father’s favor in connection with this issue is warranted by the facts.
Accordingly, the Family Court should have granted the father’s petition to terminate his child support obligation on the ground of constructive emancipation. Mastro, J.E, Dickerson, Lott and Hinds-Radix, JJ., concur.