In the Matter of SHAWN ROHAN JUSTIN, Respondent, v YORLETT LINNETT JUSTIN, Appellant. [992 NYS2d 579]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Turbow, J.), dated October 7, 2013, which denied her objection to an order of the same court (Fasone, S.M.), dated August 9, 2013, which, after a hearing, granted the father's petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

"To establish entitlement to a downward modification of a child support order, a party has the burden of showing that there has been a substantial change in circumstances" (*Matter of Gansky v Gansky,* 103 AD3d 894, 895 [2013]; *see Matter of*

*Kasun v Peluso,* 82 AD3d 769, 771 [2011]; *Matter of Brennan v Burger,* 63 AD3d 922, 923 [2009]). "The credibility determinations of a Family Court support magistrate, who is in the best position to hear and evaluate the credibility of the witnesses, are entitled to deference" (*Matter of Gansky v Gansky,* 103 AD3d at 895; *see Matter of Kennedy v Ventimiglia,* 73 AD3d 1066, 1067 [2010]; *Matter of Cordero v Olivera,* 40 AD3d 852, 852-853 [2007]; *see also Matter of Mongelluzzo v Sondgeroth,* 95 AD3d 1332, 1333 [2012]).

Here, the Support Magistrate properly concluded that the father satisfied his burden of demonstrating a substantial change in circumstances warranting a downward modification of his support obligation. Under the circumstances of this case, the Support Magistrate properly declined to impute income to the father based on his income while he was serving in the Army. On this record, the father's choice not to re-enlist was not undertaken to effect a reduction in his income "in order to reduce or avoid [his] obligation for child support" (Family Ct Act § 413 [1] [b] [5] [v]). Since the Support Magistrate's findings were based on his credibility determinations and are supported by the record, they should not be disturbed (*see Matter of Gansky v Gansky,* 103 AD3d at 895; *Matter of Kennedy v Ventimiglia,* 73 AD3d at 1066).

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly denied the mother's objection to the Support Magistrate's order granting the father's petition for a downward modification of his child support obligation. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.