In the Matter of Michele M. McCarthy, Respondent, v Michael N. McCarthy, Appellant. [11 NYS3d 638]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated September 8, 2014. The order denied the father's objections to so much of an order of that court (Denise Livrieri, S.M.), dated June 23, 2014, as, after a hearing, dismissed his petition to terminate his child support obligation.

Ordered that the order dated September 8, 2014, is affirmed, without costs or disbursements.

The parties were married in 1988 and are the parents of one child, who was born in August 1996. In 2005, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce. The stipulation provided that the father's child support obligation would terminate upon the child's "[e]mancipation," which was defined, among other things, as "[t]he child establishing a permanent residence away from that of the mother."

On August 7, 2013, the father filed a petition pursuant to Family Court Act article 4 to terminate his child support obligation. He contended that, pursuant to the stipulation, the parties' child was emancipated and, as a result, he was relieved

from his obligation to provide the mother with child support. The father's petition also alleged, in effect, that the child was constructively emancipated.

Following a hearing, the Support Magistrate concluded that the child's residence at his maternal aunt's home while completing his high school education was temporary and, thus, the child was not emancipated under the stipulation. In an order dated June 23, 2014, the Support Magistrate, among other things, dismissed the father's petition. Subsequently, the father filed objections to so much of the order as dismissed his petition, and the Family Court denied the objections. The father appeals, and we affirm.

"A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties" (*Matter of Moss v Moss*, 91 AD3d 783, 783 [2012]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Khorshad v Khorshad*, 121 AD3d 857, 858 [2014]). "In interpreting a marital contract, a court should construe it in such a way as to give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Khorshad v Khorshad*, 121 AD3d at 858 [internal quotation marks omitted]; *see Matter of McMahon-Rohan v Rohan*, 113 AD3d 771, 771 [2014]; *Matter of Moss v Moss*, 91 AD3d at 784).

Here, the evidence at the hearing supports the Support Magistrate's determination that the child did not establish a permanent residence away from the mother's residence (*see Matter of Handel v Handel*, 48 AD3d 566, 567 [2008]). The father did not meet his burden of demonstrating that the child was emancipated pursuant to the subject provision in the stipulation (*see Matter of Moss v Moss*, 91 AD3d at 784; *Henry v Henry*, 272 AD2d 520, 521 [2000]). In addition, contrary to the father's contention, he failed to establish that, pursuant to the terms of the stipulation, he was entitled to a suspension of his child support obligation for the duration of the child's temporary stay away from the mother's residence.

Moreover, the father failed to meet his burden of establishing that the child was constructively emancipated. "It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Gansky v Gansky*, 103 AD3d 894, 895 [2013] [internal quotation marks omitted]; *see* Family Ct Act § 413 [1] [a]). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent

by refusing all contact and visitation may forfeit any entitlement to support" (*Matter of Jurgielewicz v Johnston*, 114 AD3d 945, 945 [2014] [internal quotation marks omitted]; *see Matter of Gansky v Gansky*, 103 AD3d at 895). "In contrast, where the parent causes a breakdown in communication with his or her child, or has made no serious effort to contact the child and exercise his or her visitation rights, the child will not be deemed to have abandoned the parent" (*Matter of Gansky v Gansky*, 103 AD3d at 895; *see Matter of Jurgielewicz v Johnston*, 114 AD3d at 945; *Schulman v Schulman*, 101 AD3d 1098, 1099 [2012]). "The burden of proof as to emancipation is on the party asserting it" (*Schulman v Schulman*, 101 AD3d at 1099 [internal quotation marks omitted]; *see Matter of Jurgielewicz v Johnston*, 114 AD3d at 945).

The subject child here was not "of employable age" during the relevant time period (*Foster v Daigle*, 25 AD3d 1002, 1003 [2006]; *see Matter of Dobies v Brefka*, 83 AD3d 1148, 1153 [2011]; *cf. Matter of Jurgielewicz v Johnston*, 114 AD3d at 946). Further, the evidence at the hearing failed to demonstrate that the father "made sufficient attempts to maintain a relationship with the child, or that the child abandoned the relationship with him" (*Schulman v Schulman*, 101 AD3d at 1099; *see Matter of Gansky v Gansky*, 103 AD3d at 895; *Kordes v Kordes*, 70 AD3d 782, 783 [2010]).

Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as dismissed his petition. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.