██ In the Matter of BARBARA J. BRINSKELLE, Respondent, v WILTON W. WIDMAN, JR., Appellant. [27 NYS3d 246]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated March 6, 2015. The order denied the father's objections to an order of the same court (Denise Livrieri, S.M.) dated September 5, 2014, which, inter alia, after a hearing, granted the mother's petition to modify a prior order of support and denied the father's petition, in effect, to be relieved of his obligation to support the parties' two subject children.

Ordered that the order dated March 6, 2015 is affirmed, with costs.

In 2004, the parties entered into a stipulation of settlement, which was incorporated into but not merged with their 2005 judgment of divorce. Subsequently, the mother commenced a proceeding for an upward modification of the father's child support obligation contained in the stipulation. Thereafter, the father commenced this proceeding, inter alia, in effect, to be relieved of his obligation to support the parties' 18-year-old son, on the ground that the son was emancipated within the meaning of the parties' stipulation, as well as the parties' 14-year-old daughter, on the ground of constructive emancipation. After a hearing, the Support Magistrate granted the mother's petition and directed the father to pay child support for the two children in the sum of $775 biweekly, and denied the father's petition. The father filed objections to the order issued by the Support Magistrate, which the Family Court denied. The father appeals.

Under New York law, a parent is required to support a child until the child reaches the age of 21 (*see* Family Ct Act § 413 [1] [a]). However, a child may be deemed emancipated if he or she is fully self-supporting and financially independent from his or her parents, or the parties may provide, in a written agreement, for emancipation contingencies, as the parties did here (*see Matter of Thomas B. v Lydia D.*, 69 AD3d 24, 28 [2009]). The burden of proof as to emancipation is on the party asserting it (*see Matter of French v Gordon*, 103 AD3d 722 [2013]; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]).

Here, the parties' stipulation of settlement provided, in relevant part, that a child would be deemed emancipated if the child reached the age of 18, was employed at least 30 hours per week, and was not a full-time student. Contrary to the father's contention, he failed to demonstrate that, at the time of the hearing, the parties' 18-year-old son was employed at least 30 hours per week. Although the father submitted three pay stubs showing that the son had been employed several months before the hearing, the father concedes that, at the time of the hearing, the son was not working because of a medical condition. Accordingly, the father failed to meet his burden of establishing that the son was emancipated within the meaning of the stipulation of settlement (*see Matter of Schermerhorn v Vermillion*, 112 AD3d 643 [2013]; *Matter of Calabro v Calabro*, 297 AD2d 808 [2002]).

Under the doctrine of constructive emancipation, where "a minor of employable age and in full possession of [his or] her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control [he or] she forfeits [his or] her right to demand support" (*Matter of Roe v Doe*, 29 NY2d 188, 192 [1971]; *see Matter of Barlow v Barlow*, 112 AD3d 817, 818 [2013]). However, "where it is the parent who causes a breakdown in communication with his [or her] child, or has made no serious effort to contact the child and exercise his [or her] visitation rights, the child will not be deemed to have abandoned the parent" (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Barlow v Barlow*, 112 AD3d at 818; *Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856, 857 [2011]). The burden of proof is on the party asserting emancipation (*see Matter of French v Gordon*, 103 AD3d 722 [2013]; *Matter of Gold v Fisher*, 59 AD3d at 444).

Here, even accepting the father's testimony that the parties' daughter, who was 14 years old at the time of the hearing, had voluntarily and without cause rejected his efforts to maintain a

relationship with her in an attempt to avoid his parental control, the daughter was not "of employable age," and thus, the father, as a matter of law, could not establish the daughter's constructive emancipation (*see Matter of McCarthy v McCarthy*, 129 AD3d 970, 971 [2015]; *Matter of Dobies v Brefka*, 83 AD3d 1148, 1152-1153 [2011]; *Foster v Daigle*, 25 AD3d 1002, 1004 [2006]; *see also Rodman v Friedman*, 112 AD3d 537, 538 [2013]).

The father's remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.