■ In the Matter of CHRISTINA ADDIMANDO, Respondent, v MICHAEL HUERTA, SR., Appellant. [46 NYS3d 168]—

Appeal by the father from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated February 4, 2015. The order denied the father's objections to an order of that court (Rosa Cabanillas Thompson, S.M.) entered December 4, 2013, which, after a hearing, inter alia, found that he was in wilful violation of a prior order of child support, and denied his objections to so much of an order of that court (Rosa Cabanillas Thompson, S.M.) entered December 9, 2013, as, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated February 4, 2015, is affirmed, without costs or disbursements.

The mother and the father have two children together. A child support order was entered against the father in 1997, directing him to pay the sum of $255 biweekly to the mother. The father failed to make regular payments and, in 2007, the father was directed to make biweekly payments towards child support arrears in the sum of $495 in addition to basic child support. In 2012, his basic child support obligation was increased to the sum of $283 biweekly.

In 2013, the father filed a petition seeking a downward modification of his child support obligation, claiming that he had lost his job and that the oldest child was emancipated. The mother filed a cross petition for an upward modification of the father's child support obligation and a separate petition to adjudicate the father in wilful violation of the 2012 child sup-

port order. In an order entered December 4, 2013, a Support Magistrate found, after a fact-finding hearing, that the father wilfully violated the 2012 child support order. In an order entered December 9, 2013, the Support Magistrate denied the parties' modification petitions. The father filed objections to the Support Magistrate's finding of wilfulness in the order entered December 4,. 2013, and the denial of his petition for a downward modification of his child support obligation in the order entered December 9, 2013. In the order appealed from, dated February 4, 2015, the Family Court denied the father's objections.

The Support Magistrate's finding that the father wilfully violated the 2012 child support order has no force and effect until confirmed by a Family Court Judge (*see* Family Ct Act § 439 [e]). Despite denying the father's objections, the order dated February 4, 2015 did not confirm the Support Magistrate's determination that the father wilfully violated the support order (*see Matter of Ortiz-Schwoerer v Schwoerer*, 128 AD3d 828, 830 [2015]; *Matter of Martin v Cooper*, 96 AD3d 849, 850 [2012]). To challenge the determination that he wilfully violated a support order, the father's sole remedy was to await the issuance of a final order or an order of commitment of a Family Court Judge confirming the Support Magistrate's determination, and to appeal from that final order or order of commitment (*see Matter of Ortiz-Schwoerer v Schwoerer*, 128 AD3d at 830; *Matter of Flanagan v Flanagan*, 109 AD3d 470, 471 [2013]; *Matter of Dakin v Dakin*, 75 AD3d 639, 639-640 [2010]). Accordingly, the issue of whether the father wilfully violated the 2012 child support order is not properly before us on the appeal from the order dated February 4, 2015 (*see Matter of Ortiz-Schwoerer v Schwoerer*, 128 AD3d at 830).

The Family Court correctly denied the father's objections to the Support Magistrate's denial of his petition for a downward modification of his child support obligation. "A party seeking to modify an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Ippoliti v Ippoliti*, 134 AD3d 844, 845 [2015]). While "[a] parent's loss of employment may constitute a substantial change in circumstances" (*Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]), "[t]he proper amount of support to be paid . . . is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (*Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015] [internal quotation marks omitted]). Thus, a parent seeking downward modification of a child support obligation must submit competent proof that the termination

occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity (*see Matter of Levine-Seidman v Seidman*, 88 AD3d 883, 884 [2011]).

Here, the record supports the Support Magistrate's determination that the father failed to demonstrate a substantial change in circumstances warranting a downward modification of his child support obligation. The father failed to establish that he made a good faith effort to find employment commensurate with his qualifications and experience (*see Matter of Rolko v Intini*, 128 AD3d at 706). He also did not submit evidence showing that his physical disability, with which he has lived since he was a young child, interfered with his ability to work (*see Matter of Straker v Maynard-Straker*, 133 AD3d 865, 866-867 [2015]; *Matter of Karagiannis v Karagiannis*, 73 AD3d 1064, 1066 [2010]). The Support Magistrate properly found that the father was capable of working as an attorney and that he made a choice to open a solo practice, which would not turn a profit for several years. While the father was entitled to invest in a new business, it was not a basis for lowering his child support obligation (*see Matter of Bustamante v Donawa*, 119 AD3d 559, 560 [2014]; *Matter of Doyle v Doyle*, 230 AD2d 795, 796 [1996]). Indeed, the father did not submit any evidence reflecting that he had pursued other more lucrative opportunities before deciding to open his own practice (*see Matter of Rubenstein v Rubenstein*, 114 AD3d at 799).

In addition, contrary to the father's contentions, he did not establish that his child support obligation should be downwardly modified on the ground of constructive emancipation or parental alienation. "It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Kordes v Kordes*, 70 AD3d 782, 782-783 [2010] [internal quotation marks omitted]; *see* Family Ct Act § 413; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]). However, under the doctrine of constructive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*see Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). "A child's mere reluctance to see a parent is not abandonment" (*Matter of Barlow v Barlow*, 112 AD3d 817, 818 [2013]). "[Furthermore], where it is the parent who causes a breakdown in communication with his [or her] child, or has made no serious effort to contact the child and exercise his [or her] visitation rights, the child will not be deemed to have abandoned the parent" (*Matter of Glen L.S. v Deborah A.S.*, 89

AD3d 856, 857 [2011] [internal quotation marks omitted]). Here, only the older child was of employable age during the relevant time period (*see Matter of McCarthy v McCarthy*, 129 AD3d 970, 972 [2015]). Further, the evidence at the hearing failed to demonstrate that the father made sufficient attempts to maintain a relationship with the children, or that the children actively abandoned their relationship with him (*see Matter of Gansky v Gansky*, 103 AD3d 894, 896 [2013]; *Schulman v Schulman*, 101 AD3d 1098, 1099 [2012]; *Matter of Gold v Fisher*, 59 AD3d at 444).

With regard to parental alienation, "[c]hild support payments may be suspended where the custodial parent unjustifiably frustrates the noncustodial parent's right of reasonable access" (*Matter of Jurgielewicz v Johnston*, 114 AD3d 945, 946 [2014] [internal quotation marks omitted]; *see Matter of Rivera v Echavarria*, 48 AD3d 578, 578 [2008]). Here, the father failed to meet his burden of demonstrating that the mother deliberately frustrated or actively interfered with his relationship with the children (*see Matter of Jurgielewicz v Johnston*, 114 AD3d at 946).

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order denying his petition for a downward modification of his child support obligation. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.