Matter of Clarissa C. v Alexei G. (2022 NY Slip Op 05266)

Matter of Clarissa C. v Alexei G.

2022 NY Slip Op 05266

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Docket No. F18449-16/19A Appeal No. 16280 Case No. 2021-03109 

[*1]In the Matter of Clarissa C., Petitioner-Respondent,
v
Alexei G., Respondent-Appellant.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Mudita Chawla of counsel), for respondent.

Order, Family Court, New York County (Gigi N. Parris, J.), entered on or about July 14, 2021, which denied as premature respondent father's objections to orders of the Support Magistrate (Kevin Mahoney, S.M.), dated April 12, 2021, which, after a hearing, found that he was in willful violation of a prior order of child support, recommended incarceration, and entered a money judgment against him in favor of petitioner mother, unanimously affirmed, without costs.
To challenge the determination that he willfully violated the support order, respondent's sole remedy was to await the final order of a Family Court Judge confirming the Support Magistrate's determination, and to appeal from that final order (see Matter of Addimando v Huerta, 147 AD3d 750, 751 [2d Dept 2017]). Instead, he chose to largely satisfy his support arrears before the purge period expired, thus obviating the need for referral to a Family Court Judge to confirm the Support Magistrate's finding that he willfully violated the support order (see Family Court Act § 439[a]). Since the Support Magistrate's finding of willful violation was never confirmed by a Family Court Judge, the issue is not properly before us on appeal (see Matter of Addimando, 147 AD3d at 751).
We have considered respondent's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022